TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00254-CR






Preston Lamar Thomas, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT

NO. 5626, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING





O R D E R


PER CURIAM

 Appellant filed his notice of appeal on March 14, 2011, and the reporter's record was
due on June 29. On September 8, after we sent court reporter Stephanie Larsen notice that the reporter's
record was overdue, Larsen sent notice asking for an extension of time. (1) In response, we informed
Larsen that the record would be due on September 27. On November 30, we sent Larsen another notice
that the record was overdue, asking for a response by December 12. On January 19, 2012, Larsen
responded to our notice, providing a "status report and/or an extension request" related to this case and
three others. In her report, Larsen states that the record in one case would be filed "next week." She
then states that she plans "on proceeding to the rest of the records in the order they are listed" in her
report. (2) She does not provide any estimate of when those records would be completed or ask for any
specified amount of time. Further, it has come to our attention that Larsen has not filed reporter's
records in several other cases pending before this Court. We therefore order Larsen to file the reporter's
record in this case no later than February 24, 2012. Failure to file the record will result in Larsen being
called before the Court to show cause why she should not be held in contempt for violating this order.

 It is so ordered on January 26, 2012.

 

Before Chief Justice Jones, Justices Puryear and Rose

Do Not Publish 
1. In her September 8 request for an extension of time, Larsen wrote that it was a "second
request," writing her request on a document dated July 7 and asking for a ninety-day extension.
Although the July 7 document was addressed to this Court, we do not have record of receiving it. The
September 8 "second request" is the first correspondence we have from Larsen in this case.
2. The cases are not listed in the order in which the records were due. The record that Larsen
states will be completed first (Henson v. State, No. 03-11-00552-CR) was due December 19, and a late-record notice was sent on January 13. In this case, the record was due September 27. The records in
the other cases listed in her report were due November 21 (McCarty v. State, No. 03-11-00628-CR) and
November 14 (Horn v. State, No. 03-11-00407-CR).